### The final accounting in the Goods of Joseph Mercure.

A DECREE of distribution made according to the law of the place of domicil of intestate, namely, the Territory of New Mexico.

The statute law of New Mexico excluding brothers and sisters of the half blood, where there are relatives of the whole blood, the former were held to take no distributive share.

RICHARD O'GORMAN, for Administrators.

H. W. JOHNSON, for Claimants.

THE SURROGATE. The intestate was a resident or citizen of the Territory of New Mexico, who died on a journey from his residence to St. Louis, Missouri, leaving assets in the State and county of New York. These have been administered, and the administrator's accounts are settled. Were there any representative of the goods of the intestate at his place of residence or domicil, competent and claiming to receive these assets for distribution

I should order them paid over to such representative; but not being aware that there is any, I must myself distribute here according to the law of the domicil.

The intestate left surviving two whole brothers, two whole sisters, the descendents of one deceased whole sister, and also a half brother and a half sister, children of his mother by a former husband. The question is whether the half blood take distributive shares as next of kin under the laws of New Mexico.

Our own statutes prescribe distribution to relatives of the half blood equally with those of the whole blood (3 *R. S.*, 5*th ed.*, *p.* 184, *sec.* 10); and this was the Common Law. (2 *Black. Com.*, 233, 505, 515, *marg. page; Carter* v. *Crowley*, *T. Raymond*, 496; *Shaw, Cases in Parliament*, 108; *Hallett* v. *Hare*, 5 *Paige*, 316.)

The legal presumption perhaps, is, that in the absence of evidence of any other law, the Common Law prevails in a given country. But in respect to the Territory of New Mexico, which never was subject to Great Britain, but formerly belonged, with the rest of Mexico, to the Kingdom of Spain, the presumption rather is that it must have adopted the laws of Spain, which are based upon what is called by our writers the Civil Law. (1 *Kent's Com.*, *p.* 516.)

In the Civil Law, also, we find that no distinction was made as to succession to the personalty, between relatives of the whole and of the half-blood. (2 *Kent's Com.*, *p.* 422.)

The counsel for the whole brothers and sisters, however, puts in statutory evidence which must be held to overturn the presumptions of law, both common and civil, as I have stated them. He produces a printed volume, purporting to be published under the authority of the territorial government of New Mexico, and proves it as a matter of fact. It is entitled the "Revised Statutes of the Territory of New Mexico, &c., revised and arranged by order of the Legislative Assembly, under the direction of

Governor Merriwether, by James J. Davenport, Chief Justice of the Territory." In this book, art. 2, sec. 37, p. 492, I find the following:

"In the absence of direct heirs * *. * the nearest collateral relatives become the heirs of the deceased intestate, as follows:

1. The carnal brothers and their children.    *    *    *

2. In defect of the foregoing, the uterine brothers.    *    *"

The "Diccionario Razonado de Legislacion," (law dictionary,) of D. Joachin Escriche, (p. 256,) says " under the name of brothers, sisters are included."

The same dictionary, and also " Soane's, Neuman and Barretti's Spanish Dictionary, by Velasquez," define the words " carnal brother" as a brother by the same father and mother, a whole-blood brother ; and a " uterine brother," as a brother of the same mother, by another father.

It would therefore appear that brothers and sisters of the half-blood are excluded from participation in the personal property of an intestate, under the laws of New Mexico, where there are brothers and sisters of the whole blood.

Under the Civil Law, and in countries in which it prevailed, the word " heirs" is used to designate the successors to personal property as well as to real estate.

It is therefore my decision that the kin of the half-blood take no distributive share on this accounting.